UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DANIEL J. MERCKX, AS ADMINISTRATOR
OF THE ESTATE OF RONALD P. MERCKX,
TIMOTHY S. LARAWAY, JR., BARBARA
SNASHELL, and CHIGNARD NOELIZAIRE,
individually and on behalf of all other similarly
situated,

1:23-CV-1354

MAD/CFH

*Plaintiffs*,

-against-

RENSSELAER COUNTY, by and through MARK
WOJCIK, in his official capacity as CHIEF FISCAL
OFFICER OF RENSSELAER COUNTY,
CATTARAUGUS COUNTY, by and through
MATTHEW J. KELLER, in his official capacity as
TREASURER OF CATTARAUGUS COUNTY,
and CITY OF PORT JERVIS, by and through
LAURA QUICK, in her official capacity as CITY
CLERK-TREASURER of the CITY OF PORT
JERVIS, individually and on behalf of all others
similarly situated; and the STATE OF NEW YORK,

*Defendants*.

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT NEW YORK STATE'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12 (b)(1)**

LETITIA JAMES
Attorney General State of New York
Attorney for Defendant New York State
The Capitol
Albany, New York 12224


Jennifer J. Corcoran
Assistant Attorney General, of Counsel
Bar Roll No.   508740
Telephone:      (518) 776-2581
Email:            Jennifer.Corcoran@ag.ny.gov

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 2

ARGUMENT ...................................................................................................................... 3

I.      ALL CLAIMS AGAINST DEFENDANT STATE OF NEW YORK ARE
BARRED BY THE ELEVENTH AMENDMENT AND SHOULD BE
DISMISSED ............................................................................................................... 3

II.     THE STATE OF NEW YORK IS NOT A "PERSON" UNDER 42 U.S.C. § 1983……4

CONCLUSION ................................................................................................................... 4

## PRELIMINARY STATEMENT

Plaintiffs, a group of New York State residents who have had real property sold in the context of in rem tax foreclosure proceedings by local municipal taxing authorities ("Local Government Defendants"), bring this action alleging that the Local Government Defendants retained surplus monies in the context of said in rem foreclosure sales that Plaintiffs contend should be paid over to them.  Plaintiffs claim that the Local Government Defendants' failure to do so violates their constitutional rights under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution, as well as Article I Section 5 of the New York State Constitution. Plaintiffs also seek a declaratory judgment against the State of New York finding that N.Y. Real Property Tax Law § 1136[2](d) violates the Fifth, Eighth and Fourteenth Amendments to the United States Constitution. *See Complaint, generally,* ECF Dkt. No. 1.  Defendant State of New York now moves to dismiss the action as Plaintiffs cannot obtain subject matter jurisdiction over Defendant State of New York pursuant to the Federal Rules of Civil Procedure ("FRCP") and the Eleventh Amendment to the United States Constitution.

**ARGUMENT**

**I.     ALL CLAIMS AGAINST DEFENDANT STATE OF NEW YORK ARE
BARRED BY THE ELEVENTH AMENDMENT AND SHOULD BE
DISMISSED**

The Eleventh Amendment of the United States Constitution provides in pertinent part that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI.  Further, and important in the present matter, "a federal court cannot entertain a suit brought by a citizen against his or her own state." *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 98, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) (citing *Hans v. Louisiana,* 134 U.S. 1, 21, 10 S.Ct. 504, 33 L.Ed. 842 (1890)). Without a State's consent or waiver of the immunity provided under the Eleventh Amendment, a suit against the State or a State agency or department is proscribed by the Eleventh Amendment. *Halderman,* 465 U.S. at 100, 104 S.Ct. 900.  Section 1983 claims do not abrogate the Eleventh Amendment immunity of the states.  *See Quern v. Jordan,* 440 U.S. 332, 340-41, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979).

In the present matter, Plaintiff's claims against the State of New York are barred by the Eleventh Amendment in their entirety.  Defendant State of New York is clearly entitled to immunity from suit under the Eleventh Amendment.  As the State of New York has not consented to the present suit, nor has it waived its Eleventh Amendment immunity, there is no basis for Plaintiff's claims against it.  Accordingly, all claims against Defendant State of New York should be dismissed with prejudice and in their entirety.

## II.        THE STATE OF NEW YORK IS NOT A "PERSON" UNDER 42 U.S.C. § 1983

Plaintiffs' claims against the State of New York are also barred because the United

States Supreme Court has held that the States are not "persons" within the meaning of Section

1983.[1]  *Will v. Michigan Dep't.  of the State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.

2d 45 (1989); *Harris v. Mills*, 572 F.3d 66, 69-70 (2d Cir. 2009) (state agencies are not "persons"

under section 1983).

Therefore, Plaintiffs' claims against the State of New York should be dismissed for lack of

subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, Defendant State of New York's motion to dismiss all claims

against it should be granted pursuant to FRCP 12(b)(1), and the Complaint should be dismissed as

against Defendant State of New York as said Defendant is immune from suit in federal court under

the Eleventh Amendment, and is not subject to 42 U.S.C. § 1983, together with such other and

further relief to this Court may seem just and proper.

Dated:  Albany, New York
            January 16, 2024

                                        LETITIA JAMES
                                        Attorney General of the State of New York
                                        Attorney for Defendant State of New York
                                        By: /s/ Jennifer J. Corcoran
                                        Assistant Attorney General, of Counsel
                                        Bar Roll No. 508740
                                        The Capitol
                                        Albany, New York 12224-0341
                                        Telephone: (518) 776-2581
                                        Email: Jennifer.Corcoran@ag.ny.gov

---

1 Section 1983 states that "[e]very **person** who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." *See* 42 USC 1983 (emphasis added).

**<u>TO:</u>**

All Counsel of Record (via ECF)