UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
===============================================

| | |
|---|---|
| DANIEL J. MERCKX, AS ADMINISTRATOR OF THE ESTATE OF RONALD P. MERCKX, TIMOTHY S. LARAWAY, JR., BARBARA SNASHELL, and CHIGNARD NOELIZAIRE, individually and on behalf of all others similarly situated, | Index No.:<br>1:23-cv-1354<br>(GLS/CFH) |

Plaintiffs,

-against-

RENSSELAER COUNTY, by and through MARK WOJCIK, in his official capacity as CHIEF FISCAL OFFICER OF RENSSELAER COUNTY, CATTARAUGUS COUNTY, by and through MATTHEW J. KELLER, in his official capacity as TREASURER OF CATTARAUGUS COUNTY, and CITY OF PORT JERVIS, by and through LAURA QUICK, in her official capacity as CITY CLERK-TREASURER of the CITY OF PORT JERVIS, individually and on behalf of all other similarly situated; and the STATE OF NEW YORK,

Defendants.
===============================================

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COMPLAINT

Carl J. Kempf, III, Esq.
(Bar Roll No:700352)
*Attorney for Defendant RENSSELAER COUNTY*
99 Troy Road
East Greenbush, New York 12061
Tel: (518) 270-2950
Email: ckempf@rensco.com

Date: January 17, 2024

*On the Brief:*

Paul M. Macari, Esq.
(Bar Roll No: 105026)

Linda B. Johnson, Esq.
(Bar Roll No: 511290)

## <u>TABLE OF CONTENTS</u>

**PRELIMINARY STATEMENT** ........................................................................................... 1

**PROCEDURAL BACKGROUND** ..................................................................................... 1

**STATEMENT OF FACTS** ................................................................................................. 2

**LEGAL ARGUMENT** ....................................................................................................... 6

    **POINT I** ........................................................................................................................... 6

    NEW YORK REAL PROPERTY TAX LAW §1136(2)(d) IS CONSTITUTIONAL ............... 6

    **POINT II** ......................................................................................................................... 7

PLAINTIFF'S STATE CLAIMS SHOULD BE DISMISSED FOR FAILURE TO SERVE

PRIOR WRITTEN NOTICE OF CLAIM PURSUANT TO NEW YORK COUNTY LAW §52 AND

GENERAL MUNICIPAL LAW §50-e AND §50-i ............................................................ 7

    **POINT III** ....................................................................................................................... 8

    PLAINTIFF DANIEL J. MERCKX, AS ADMINISTRATOR, LACKS CAPACITY TO SUE . 8

    **POINT IV** ....................................................................................................................... 9

    THE STATUTE OF LIMITATIONS IS EXPIRED ON PLAINTIFFS' CLAIMS,

THEREFORE THE COMPLAINT MUST BE DISMISSED ................................................. 9

    **POINT IV(A)** ................................................................................................................ 10

    THE FOUR-MONTH STATUTE OF LIMITATIONS TO COMMENCE AN ARTICLE 78

PROCEEDING HAS LAPSED ......................................................................................... 10

    **POINT IV(B)** ................................................................................................................ 12

    MOTIONS TO REOPEN A DEFAULT JUDGMENT TAKEN UNDER RPTL ARTICLE

11 ARE SUBJECT TO A ONE-MONTH STATUTE OF LIMITATIONS UNDER §1131 ............ 12

**POINT IV(C)** ..................................................................................................................... 13

MOTIONS TO CHALLENGE A DEED GIVEN UNDER RPTL ARTICLE 11 ARE

SUBJECT TO A TWO-YEAR STATUTE OF LIMITATIONS ......................................................... 13

**POINT IV (D)** ................................................................................................................... 13

THE STATUTE OF LIMITATIONS TO BRING AN INVERSE CONDEMNATION

CLAIM IS THREE YEARS ....................................................................................................... 13

**POINT IV(E)** .................................................................................................................... 14

THE STATUTE OF LIMITATIONS ON CONSTITUTIONAL CLAIMS IS THREE

YEARS ..................................................................................................................................... 14

**POINT IV(F)** .................................................................................................................... 15

THE STATUTE OF LIMITATIONS ON UNJUST ENRICHMENT AND MONEY HAD

AND RECEIVED CLAIMS IS SIX YEARS AND IS EXPIRED ..................................................... 15

**POINT V** .......................................................................................................................... 16

PLAINTIFFS' CLAIMS AGAINST RENSSELAER COUNTY MUST BE DISMISSED FOR

FAILURE TO JOIN NECESSARY PARTIES ............................................................................... 16

**POINT V(A)** ..................................................................................................................... 17

LIENHOLDERS MUST BE JOINED AS NECESSARY PARTIES .................................. 17

**POINT V(B)** ...................................................................................................................... 20

████████████████████████████ IS A NECESSARY PARTY ........................ 20

**POINT V(C)** ..................................................................................................................... 20

CURRENT OWNERS AND THEIR TITLE COMPANIES ARE NECESSARY PARTIES ... 20

**POINT VI** ......................................................................................................................... 21

THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE

GRANTED ......................................................................................................................... 21

**POINT VII** ....................................................................................................................... 23

FEDEREAL COURT LACKS JURISDICTION AND VENUE IS IMPROPER ..................... 23

**POINT VIII** ...................................................................................................................... 25

THE DEMAND TO CERTIFY A PLAINTIFF'S CLASS AND A DEFENDANT'S CLASS IS

IMPROPER AND PLAINTIFFS LACK STANDING .......................................................... 25

**CONCLUSION** ................................................................................................................. 25

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*257-261 20ᵗʰ Avenue Realty, LLC v Roberto, et al*., 2023 WL 8359623 (N.J. App. Div. Dec. 4, 2023) ... 14, 23

*Chabot v Cnty of Rockland, NY*, 2019 WL 3338319 *9 (SDNY 2019) ........................................ 8

*Chase Manhattan Mortg. Corp. v Hall*, 18 AD3d 413 (2d Dept 2005) ..................................... 18

*Dist. Of Columbia Court of Appeals v Feldman*, 460 US 462 (1983) ...................................... 24

*Dorce v City of New York*, 2 F4th 82 (SDNY 2021) .................................................................. 24

*Estate of Devins v Oneida County*, 2022 WL 4549228 (NDNY 2022) ...................................... 8

*Estate of Egon Hans Kogler v District Attorney of the County of Chemung*, Index No.: 2023-5174 ........ 21

*Exxon Mobil Corp. v Saudi Basic Industries Corp.*, 544 U.S. 280 (2005) ................................ 24

*Ferring V.B. v Allergan, Inc.*, 932 F.Supp.2d 493 (SDNY 2013) ............................................. 15

*Ford v Moore*, 237 F3d 156 (2d Cir 2001) ................................................................................. 9

*Hardy v NYC Health & Hosps. Corp.*, 164 F3d 789 (2d Cir 1999) ............................................ 8

*Hoffman v NYS Ind. Redistricting Comm'n*, 217 AD3d 53 (3d Dept 2023) ............................ 12

*Initial Pub. Offering Sec. Litig.*, 471F. 3d 24 (2d Cir 2006) ...................................................... 25

*Lefkowitz v Bank of N.Y.*, 528 F3d 102 (2d Cir 2007) ............................................................. 24

*Matter of Butkowski v Kiefer*, 140 AD3d 1755 (4th Dept 2016) ............................................. 11

*Matter of City of New York re: Coney Island Plan Stage 1*, 78 Misc3d 1203(A) (Sup. Ct. Kings Cty. Feb. 28, 2023) ........................................................................................................................ 13

*Matter of Inflight Newspapers, Inc. et al v Josh Joffee, et al*, 423 BR 6 (EDNY Bk Ct. 2010) ................ 15

*Matter of Zuppa v Zoning Bd. Of Appeals or Town of Southold*, 64 AD3d 723 (2d Dept 2009) ............. 11

*McNeill v. New York City Housing Auth.*, 719 F.Supp. 233 (SDNY 1989) ............................... 25

*Murtaugh v New York*, 810 F.Supp.2d 446 (NDNY 2011) ...................................................... 16

*Nelson v City of NY*, 352 US 103 (1956) .............................................................. 1, 7, 21, 22

*Niagara Mohawk Power Corporation v Federal Energy Regulatory Commission, et al.*, 162 F.Supp.2d 107 (NDNY 2001) ............................................................................................................ 11

*Nutt v Cumin*, 155 NY 309 (1898) ................................................................................................ 18

*NYCTL 1997-1 Trust v Still*, 184 AD3d 9 (2d Dept 2020) ..................................................... 17, 18

*NYCTL 1998-1 Trust v Gabbay*, 16 Misc3d 732 (Sup. Ct. Bronx Cty. 2007) ............................ 18

*Pearl v City of Long Beach*, 296 F.3d 76 (2d Cir 2002) ............................................................. 15

*People v Turner*, 117 NY 227 (1889) .......................................................................................... 10

*People v Turner*, 145 NY 451 (1895) .......................................................................................... 10

*Press, et al. v Monroe County*, 50 NY2d 695 (1980) .................................................................. 11

*Rafaeli, LLC v Oakland County*, 505 Mich. 429 (2020) .............................................................. 12

*Re Brown*, 135 US 701 (1890) ..................................................................................................... 10

*Roebling Liquors Inc. v Urbach*, 245 AD2d 829 (3d Dept 1997) ................................................ 10

*Rooker v Fidelity Trust Co.*, 263 US 413 (1923) ......................................................................... 24

*Ruane v Cty. of Suffolk*, 923 F.Supp. 2d 454 (EDNY 2013) ....................................................... 15

*Saranac Land & Timber Co. v Roberts*, 177 US 318 (1900) ....................................................... 10

*Sarnelli v City of New York*, 256 AD2d 399 (2d Dept 1998) ....................................................... 14

*Shankman v Horoshko*, 291 AD2d 441 (2d Dept 2002) .............................................................. 18

*Sheehan*, 67 NY2d 52 [1986]) ..................................................................................................... 22

*State v Adkins*, 221 NJ 300 (2015) .............................................................................................. 23

*Stensrud v Rochester Genesee Reg'l Transportation Auth.*, 507 F.Supp.3d 444 (WDNY 2020) ............... 15

*Terry v Anderson*, 95 US 628, 632-633 (1877) .......................................................................... 10

*Thomas A. Fox, et al v. County of Saginaw, by its Board of Commissioners, et al*, 2023 WL 6978518 (6th Cir 2023) .................................................................................................................................. 25

*Turner v People of the State of New York*, 168 US 90 (1897) ..................................................... 13

*Tyler v Hennepin County*, 598 US 631 (May 25, 2023) ..................................................... 1, 17, 20, 23

*Viacom Intern., Inc. v Kearney*, 212 F.3d 721 (2d Cir 2000) ............................................................. 16, 17

*Victoria Woods Homewoners Assn. v Gonyo*, 192 AD2d 1107 (4th Dept 1993) ....................................... 18

*Wasiluk v City of Oneida, New York*, 2022 WL 3716279 (NDNY 2022).................................................. 21

*Wik v Village of Holley*, 2023 WL 6958794 (WDNY Oct 20, 2023) ......................................................... 14

*Witter v Taggart*, 78 NY2d 234, (1991)..................................................................................................... 18

*Yu v Incorporated Village of Oyster Bay Cove*, 579 F.Supp.3d 391 (EDNY 2022)................................. 15

**Statutes**

42 USC §1983................................................................................................................................. 15, 24

CPLR Article 78 .......................................................................................................................... 10, 12, 15

New York General Municipal Law §50-i ......................................................................................... 8

New York General Municipal Law §50-e ...................................................................................... 7, 8

New York Real Property Tax Law Article 11 ................................................................................. 2, 23

New York Real Property Tax Law §1123 .......................................................................................... 2

New York Real Property Tax Law §1131 ..................................................................................... 2, 13

New York Real Property Tax Law §1136 ............................................................................ 9, 12, 17, 20

New York Real Property Tax Law §1137 ........................................................................................ 13

**Rules**

Federal Rule of Civil Procedure §§19, 19(a), 19(b)................................................................... 2, 16, 20

Federal Rule of Civil Procedure §§ 12, 12(b)(7) ...................................................................... 2, 16, 19

Federal Rule of Civil Procedure §23.......................................................................................... 2, 25

New York Civil Practice Law & Rules §213(1) ............................................................................. 15

New York Civil Practice Law & Rules §214 (4) ........................................................................... 13

New York Civil Practice Law & Rules §217................................................................................... 10

**Treatises**

Black's Law Dictionary, 6th Ed........................................................................................................ 9

**Constitutional Provisions**

New York State Constitution, Article VIII, §1 ........................................................................... 22

**Opinions**

1978 N.Y. Op. Atty. Gen. (Inf.) 258 (N.Y.A.G.), 1978 WL 27636............................................ 22

**PRELIMINARY STATEMENT**

The U.S. and New York State Constitutions, as interpreted by courts over many decades, including, more recently, by the U.S. Supreme Court in *Tyler v Hennepin County*, establish guardrails that allow a municipality to enforce delinquent taxes against a property within its jurisdiction and legally retain the excess value[1] of the property if the municipality does not "absolutely preclude[e]" the prior owner from obtaining any excess value. *Tyler v Hennepin County*, 598 US 631, 644 (2023), *quoting and distinguishing Nelson v City of New York*, 352 US 103 (1956). Contrary to the assertion in the Complaint that Rensselaer County has an "unconstitutional practice" with respect to its enforcement of delinquent property taxes (Complaint at ¶1), Rensselaer County drives within the established legal guardrails. Rensselaer County has specific procedures that grant prior owners the right to obtain excess value, if any, of a foreclosed property, even after title to the property is transferred to Rensselaer County pursuant to court order. In the instant action, from 2012-2017, the Rensselaer County Plaintiffs failed to pay property taxes on their respective properties and, despite subsequently being provided with written notice by Rensselaer County in 2017 that they each had a right to claim any and all excess value, they did not take advantage of the opportunity to assert such claims and therefore forfeited their rights. Now, years later, in a last-ditch effort to claw-back the excess value of their respective former properties, the Rensselaer County Plaintiffs strategically take an over-expansive reading of *Tyler* and conveniently ignore their long-ago forfeiture of excess value. Nevertheless, as set forth herein below, the Complaint is, on its face, too late, legally deficient, and procedurally defective.

**PROCEDURAL BACKGROUND**

Plaintiffs commenced this action against Defendant RENSSELAER COUNTY, by and through MARK WOJCIK, in his official capacity as CHIEF FISCAL OFFICER OF RENSSELAER COUNTY

---

[1] The Court in Tyler held that the plaintiff "plausibly alleges" that the municipality's "retention of excess value of her home above her tax debt violated the Takings Clause." *Tyler*, 598 US at 637. For the purpose of this Memorandum, including for the purpose of applying *Tyler* to this matter, the "excess value" of a property means the difference between (i) the value of a property (as determined by the sale price to a third party or otherwise), and (ii) the total amount of delinquent taxes, fees and costs incurred by Rensselaer County.

("Rensselaer County") by filing Summonses with the Northern District of New York on October 31, 2023 (Docket #2 [Wojcik]) and on November 2, 2023 (Docket #9 [Rensselaer County]); and a Class Action Complaint and Demand for Jury Trial on October 30, 2023 (Docket #1). Plaintiffs' counsel stipulated to an extension of time to file an Answer, motion or otherwise respond to the Complaint until January 8, 2024 (Docket #32) and again until January 17, 2024 (Docket #53).

Rensselaer County now moves for dismissal of Counts I-IV and VI-VIII of the Complaint as against it, pursuant to Federal Rules of Civil Procedure §§12, 12 (b), 17(b)(3), 19 and 23 upon the following grounds: (i) Plaintiffs' failure to serve prior written notice of claim-a condition precedent to suit under County Law §52; (ii) Plaintiff Daniel J. Merckx's lack of capacity to sue; (iii) expiration of the applicable statutes of limitations; (iv) Plaintiffs failure to join and serve necessary parties; (v) the Complaint fails to state a claim upon which relief can be granted; (vi) the Court lacks jurisdiction and venue is improper; and (vii) Plaintiffs lack standing.

## STATEMENT OF FACTS

In 1984, Rensselaer County adopted New York Real Property Tax Law Article 11 for the purpose of enforcing delinquent taxes due on real property within its jurisdiction. RPTL §1123(1) authorizes the Rensselaer County Chief Fiscal Officer, as the enforcing officer, to file a foreclosure petition as to a property subject to delinquent taxes. Following the filing of a petition, under RPTL §1123(6), "[e]very person . . . having any right, title or interest in, or lien upon, any parcel described in the petition may redeem such parcel . . . or may interpose an answer." If a property owner fails to redeem or interpose an answer, under RPTL §1131, the property owner is "barred and foreclosed of all right, title, and interest and equity of redemption in and to the parcel . . . and a judgment in foreclosure may be taken by default." Such judgment, shall award "possession" to Rensselaer County and shall direct the enforcing officer, "to prepare, execute and cause to be recorded a deed conveying to such tax district full and complete title to such parcel." Finally, "[u]pon the execution of such deed, the tax district shall be seized of an estate in fee simple absolute in such parcel and all persons…who may have had any right, title, interest, claim, lien or equity of

redemption in or upon such parcel shall be barred and forever foreclosed of all such right, title, interest, claim, lien or equity of redemption."

In addition to, but separately from, Article 11, Rensselaer County adopted procedures for enforcement of delinquent taxes, including procedures after the transfer to Rensselaer County of fee simple absolute title to a foreclosed property. The procedures recognize that, even after transfer to Rensselaer County of title to a foreclosed property, occasionally landowners find themselves in financial binds and lose their properties to foreclosure, but will manage to secure funds to redeem before their land is sold. In view of this public policy concern, the procedures grant a prior owner a right to claim the property, including the excess value of the property. Rensselaer County notifies a prior owner of this right and, under the procedures, a prior owner asserts this right by submitting to the County a written request with full payment of all taxes and fees. The intent of granting this right to a prior owner is to return the parcel to the same legal status that it had prior to foreclosure.

This action includes two plaintiffs with former ties to property in Rensselaer County. One plaintiff is Daniel J. Merckx, as Administrator of the Estate of Ronald P. Merckx. Ronald Merckx owned the real property identified by Tax Map Number 177.12-6-13 and located at 3 Pinewood Avenue, East Greenbush, New York 12061 ("Merckx Property").[2] The second plaintiff is Timothy S. Laraway, Jr., who owned the real property identified by Tax Map Number 212-1-85.2 and located at 3135 U.S. Highway 20, Nassau, New York 12123 ("Laraway Property") (with Daniel J. Merckx and Timothy S. Laraway, Jr. collectively referred to herein as "Rensselaer County Plaintiffs").

In 2016, Rensselaer County filed a Petition of Foreclosure listing 188 properties located in Rensselaer County with delinquent taxes, including the Merckx and Laraway Properties ("Foreclosure

---

[2] By deed dated October 24, 2003, Ronald Merckx became the remainder interest owner of the Merckx Property, with the life estate interest retained by his mother, Helen Merckx, which provided that, "(t)he Grantor reserves the right to the exclusive use and occupancy of the premises during the Grantor's lifetime, with the Grantor to pay for all maintenance and repairs, water and sewer charges, insurance charges and taxes relating to said premises."

Proceeding").[3] The Rensselaer County Plaintiffs did not file an Answer nor did they pay their taxes in the Foreclosure Proceeding. Unlike the Rensselaer County Plaintiffs, 72 of the 188 property owners paid all delinquent taxes on their respective properties. In 2017, after removing those property owners who paid their delinquent taxes or filed an answer, Rensselaer County Court issued a June 15, 2017 Order and Judgment ("Order and Judgment") which awarded Rensselaer County possession of, and authorized the enforcing officer to transfer title to Rensselaer County in fee simple absolute, to 98 of the 188 properties, including the Merckx and Laraway Properties. Pursuant to the Order and Judgment, the enforcing officer transferred title to Rensselaer County for the 98 properties, including the Merckx and Laraway Properties by Deed dated June 29, 2017.

Following the transfer of title to the Merckx Property to Rensselaer County, by letter dated July 11, 2017, Rensselaer County notified Ronald Merckx of his right under the Rensselaer County procedures, as a prior owner of the Merckx Property, to recover the property, including any and all excess value associated with the property. Neither Ronald Merckx nor any legal representative for Ronald Merckx exercised this right. Ronald Merckx died on July 25, 2018. On August 15, 2018, Rensselaer County sold the Merckx Property at public auction to a bona fide third party, and transferred title by deed of the same date. Rensselaer County retained the excess value of $14,068.99 associated with the Merckx Property.

However, even the excess value of the Merckx Property may be subject to claims above and beyond Rensselaer County's, as the title search revealed other lienholders, including, but possibly not limited to, Bank of America, N.A., which holds an unsatisfied Judgment, filed on December 17, 2015, in the amount of $3,158.38. With interest at the legal rate of 9% from December 17, 2015, this judgment would now be assessed at approximately $5,475.00. Furthermore, Helen Merckx, who held a life estate

---

[3] The proceeding initiated by the Petition of Foreclosure is captioned In the Matter of the Foreclosure of Tax Liens by Proceeding in Rem pursuant to Article Eleven of the Real Property Tax Law by the County of Rensselaer, New York, List No. 1 for the Year 2016, State of New York, County Court, County of Rensselaer, Index No. 253543.

(and therefore an equity interest) in the Merckx Property, ████████████████████████████████████████████████████████████████████

Following the transfer to Rensselaer County of title to the Laraway Property, by letter dated July 11, 2017, Rensselaer County notified Timothy S. Laraway, Jr. of his right under the Rensselaer County procedures, as a prior owner of the Laraway Property, to recover the property, including any and all excess value associated with the property.  Neither Timothy S. Laraway, Jr. nor any legal representative for Timothy S. Laraway, Jr. exercised this right.  On October 18, 2017, Rensselaer County sold the Laraway Property to a bona fide third party at public auction, transferring title by deed the same date. Rensselaer County retained the excess value of $15,315.00 associated with the Laraway Property.

However, like the Merckx Property, the excess value of the Laraway Property may also be subject to claims above and beyond Rensselaer County's. The Laraway Property was in a mortgage foreclosure commenced by Deutsche Bank National Trust Company ("Deutsche Bank") prior to the Foreclosure Proceeding. On November 16, 2011, Deutsche Bank filed a Civil Notice of Pendency with the Rensselaer County Clerk, giving notice that an action was commenced against Laraway to foreclose a $45,000 mortgage and note dated November 12, 2004.  Laraway did not attend the foreclosure conference, which is evidenced by a June 5, 2012 letter from New York Supreme Court. Laraway did not contact Rensselaer County at any time before or after the auction sale in an effort to pay his delinquent taxes.

Another potential lienholder on the Laraway Property includes Metro Portfolios, Inc. A Summons and Complaint by Metro Portfolios, Inc. and Affidavits of Service were filed on September 2 and 26, 2008, respectively, which sought judgment for a $2,361.50 debt.

As reflected in the Order and Judgment, Rensselaer County provided notice of the Foreclosure Proceeding to the various potential lienholders identified above. Rensselaer County maintained a policy giving a right of reconveyance to former owners, under which an owner or former owner may request the excess value of the property, if any, even after Rensselaer County transfers fee simple absolute title to itself pursuant to an Order and Judgment.

With respect to the same Foreclosure Proceeding involving the Merckx and Laraway Properties, after the enforcing officer transferred title to the foreclosed properties to Rensselaer County, eleven (11) prior owners exercised their rights under the Rensselaer County procedures and filed a claim with Rensselaer County to recover title to and excess value of their foreclosed properties. Unlike the Rensselaer County Plaintiffs, the eleven (11) prior owners requested reconveyance of title to their foreclosed properties, deposited funds for the payment of all delinquent taxes, fees and costs, and, following such request and deposit, Rensselaer County authorized and returned title back to such prior owners together with any and all excess value associated with the properties.

## LEGAL ARGUMENT[4]

### POINT I

### NEW YORK REAL PROPERTY TAX LAW §1136(2)(d) IS CONSTITUTIONAL

In paragraph 126 of their Complaint, Plaintiffs allege that "[o]n its face, or as applied today or in the past, N.Y. Real Prop. Tax Law Section 1136[2][d] violates the Fifth, Eighth and Fourteenth Amendments to the U.S. Constitution." Both arguments fail. To prevail on a facial challenge, the plaintiff must establish that no set of circumstances exists under which the [challenged] Act would be valid. *U.S. v Salerno*, 481 US 739 (1987). In other words, the plaintiff must show that the statute "is unconstitutional in all of its applications." *Community Housing Improvement Prog. v City of New York*, 59 F4th 540, (2d Cir 2023), *citing Wash. State Grange v Wash. State Rep. Party*, 552 US 442 (2008).

Plaintiffs challenge a three-sentence section of the RPTL. In no place in RPTL§1136(2)(b) is the word "surplus" mentioned. There is nothing in the paragraph or the entire statute which prevents any municipality, including Rensselaer County, from having policies and procedures in place, which authorize the return of title and excess value back to prior owners, including the Rensselaer County Plaintiffs. These

---

[4] Together with the legal arguments set forth herein below, Rensselaer County joins with the State of New York in its motion and arguments in support thereof to dismiss Count V of the Complaint asserted against the State of New York.

policies and procedures will be discussed in more detail, *infra*. RPTL §1136(2)(d) is therefore not unconstitutional in all of its applications.

Plaintiffs' allegation that the paragraph is unconstitutional as applied today or in the past likewise fails. As more fully set forth herein, Rensselaer County's policies and procedures as to return of excess value meet the constitutional test set forth in *Nelson v City of NY*, 352 US 103 (1956).

## POINT II

### PLAINTIFF'S STATE CLAIMS SHOULD BE DISMISSED FOR FAILURE TO SERVE PRIOR WRITTEN NOTICE OF CLAIM PURSUANT TO NEW YORK COUNTY LAW §52 AND GENERAL MUNICIPAL LAW §50-e AND §50-i

County Law §52 requires, as a condition precedent to filing suit against a county, the claimant to file a written notice of claim, noticing the municipality of:

> [a]ny claim or notice of claim against a county for…invasion of personal or property rights, of every name and nature…and any other claim for damages arising at law or in equity, alleged to have been caused or sustained in whole or in part by or because of any misfeasance, omission of duty, negligence or wrongful act on the part of the county, its officers, agents, servant or employees, must be made and served in compliance with section fifty-e of the general municipal law. Every action upon such claim shall be commenced pursuant to the provision of section fifty-i of the general municipal law. The place of trial shall be in the county against which the action is brought.

County Law §52 references the form and service procedures in General Municipal Law §50-e, which provides as follows: "the notice of claim shall comply with and be served in accordance with the provisions of this section within ninety days after the claim arises." (NY GML §50-e[1][a]) (emphasis added). With respect to the form of and contents of the notice, NY GML §50-e (2) provides that,

> [t]he notice shall be in writing, sworn to by or on behalf of the claimant, and shall set forth: (1) the name and post-office address of each claimant, and of his attorney, if any; (2) the nature of the claim; (3) the time when, the place where and the manner in which the claim arose; and (4) the items of damage or injuries claimed to have been sustained so far as then practicable…

Further, "[t]he notice shall be served on the public corporation against which the claim is made by delivering a copy thereof personally, or by registered or certified mail, to the person designated by law…or to an attorney regularly engaged in representing such a public corporation…" NY GML §50-e(3)(a).

County Law §52 refers to General Municipal Law §50-i for commencement procedures, and provides, in pertinent part, that,

> No action or special proceeding shall be prosecuted or maintained against a…county…unless, (a) a notice of claim shall have been made and served upon the … county…in compliance with section fifty-e of this article, (b) it shall appear by and as an allegation in the complaint or moving papers that at least thirty days have elapsed since the service of such notice, and (c) the action or special proceeding **shall be commenced within one year and ninety days** after the happening of the event upon which the claim is based…" NY GML §50-i(1) (emphasis added).

"Notice of claim requirements are construed strictly by New York State courts.  Failure to comply with these requirements ordinarily requires dismissal for failure to state a cause of action." *Estate of Devins v Oneida Cty*, 2022 WL 4549228 *11 (NDNY 2022), *quoting Hardy v NYC Health & Hosps. Corp.*, 164 F3d 789, 793-94 (2d Cir 1999). "The Plaintiff bears the burden of demonstrating compliance with the notice of claim requirement." *Id.* at *13 *quoting Chabot v Cty of Rockland*, 2019 WL 3338319 *9 (SDNY 2019).

In the present matter, the required notice of claim was not filed within ninety days after the claim accrued. Plaintiffs also did not allege in the Complaint that the condition precedent—the service of a notice of claim—had been made and served and that at least thirty days had elapsed since the service of the notice of claim. Since Plaintiffs' claims are based upon the transfer of title to the properties to Rensselaer County in 2017, or at the very latest, the transfer to title from Rensselaer County to third parties (2017 and 2018), these deadlines have long passed. Even if this Court were to consider the May 25, 2023 date of the *Tyler* decision as the date upon which the claim arose, still no notice of claim has been filed. As such, Plaintiffs have not met a condition precedent to suit and the Complaint must be dismissed.

<u>**POINT III**</u>

<u>**PLAINTIFF DANIEL J. MERCKX, AS ADMINISTRATOR, LACKS CAPACITY TO SUE**</u>

Under FRCP §17(b)(3), capacity to sue for individuals in a representative capacity is determined by the "the law of the state where the court is located." This Court recently reviewed the issue in *Estate of Devins v Oneida County*, 2022 WL 4549228 (NDNY 2022). The Court ruled that under New York law, the

personal representative has the authority to bring causes of action that were viable at the time of death but not claims that arose after death.

Plaintiffs have challenged Defendant Rensselaer County's retention of excess value from the Foreclosure Proceedings. Ronald Merckx died on July 25, 2018. The sale of the Merckx Property occurred on August 31, 2018. No alleged injury occurred during the life of Ronald Merckx. Therefore, Plaintiff lacks capacity and the Complaint should be dismissed. *Id.* at *21; *see Ford v Moore*, 237 F3d 156, 165 (2d Cir 2001) (holding that the deceased plaintiff had no constitutional protections pertaining to any conduct that occurred after his death).

Further evidence of lack of capacity can be found in the public portion of the Rensselaer County Surrogate's Court file for the Estate of Ronald Merckx. The file indicates the Estate administration was closed; no affidavit to reopen the Estate administration to commence this action was requested; no updated Certificate of Letters of Administration was issued by the Court; and no claim of excess value was disclosed on the Estate Inventory Report as an asset. As such, not only were the applicable probate procedures not followed, but the *Devins* case clearly forecloses the possibility that Daniel Merckx will ever have capacity to sue for this alleged claim, which accrued, if ever, after Mr. Merckx's death. Dismissal of the claims relating to Plaintiff Merckx is therefore required on these grounds.

## POINT IV

## THE STATUTE OF LIMITATIONS IS EXPIRED ON PLAINTIFFS' CLAIMS, THEREFORE THE COMPLAINT MUST BE DISMISSED

The expiration of a statute of limitations forever bars the bringing of an action.  Black's Law Dictionary succinctly sets for this rule as follows: "After the time period set out in the applicable statute of limitations has run, no legal action can be brought regardless of whether any cause of action ever existed." Black's Law Dictionary, 6th Ed.

Plaintiffs allege that RPTL §1136(2)(d) violates the constitutions of the United States and New York.  Plaintiffs do not challenge the validity of the statutes of limitations discussed herein. Statutes of

limitations have long been held to be constitutional. "The statute according to its principal intent and effect, and as construed by the court of appeals of the state, was a statute of limitations. It is well settled that a statute shortening the period of limitation is within the constitutional power of the legislature, provided a reasonable time, taking into consideration the nature of the case, is allowed for bringing an action after the passage of the statute and before the bar takes effect." *Saranac Land & Timber Co. v Roberts*, 177 US 318, 323-324 (1900), *citing Terry v Anderson*, 95 US 628, 632-633 (1877); *Re Brown*, 135 US 701, 705-707 (1890); *People v Turner*, 117 NY 227 (1889); *People v Turner*, 145 NY 451 (1895).  As is set forth *infra*, the statutes of limitations on all of Rensselaer County Plaintiffs' claims under County I-IV and VI-IX have expired, and the Complaint against Rensselaer County must be dismissed.

## POINT IV(A)

## THE FOUR-MONTH STATUTE OF LIMITATIONS TO COMMENCE AN ARTICLE 78 PROCEEDING HAS LAPSED

Plaintiffs' causes of action arising under state law are subject to the four-month statute of limitations established by CPLR §217 for claims against a body or officer, subject to review in a special proceeding commenced pursuant to CPLR Article 78.  The New York Appellate Division, Third Department squarely addressed this issue in *Roebling Liquors Inc. v Urbach* in which the Court stated,

> Inasmuch as petitioners' challenge is to the administrative actions of the Department in discharging its duty of collecting sales tax, the four-month Statute of Limitations set forth in CPLR 217 is applicable. Furthermore, to the extent that petitioners became aggrieved by such practice when the December 13, 1993 notice of determination was issued against Roebling, we conclude that the proceeding was properly dismissed as untimely because it was not commenced within four months of that date." *Roebling Liquors Inc. v Urbach*, 245 AD2d 829, 830 (3d Dept 1997).

The Rensselaer County Plaintiffs became aggrieved, at the earliest, when County Court issued the Order and Judgment.  Other possible dates when Plaintiffs could have become aggrieved for statutes of limitations computation purposes, are the date upon which Rensselaer County transferred title to itself and when the properties were sold to third parties.  These are the only dates upon which Rensselaer County affirmatively took some action with respect to the interests of Mr. Merckx and Mr. Laraway.

Furthermore, "[A] party may not assert constitutional claims in an attempt to subvert the Statute of Limitations provided by CPLR 217 when the essence of the party's challenge is to the specific actions of an administrative agency." *Id.* at 830; *but see, Niagara Mohawk Power Corporation v Federal Energy Regulatory Commission, et al.*, 162 F.Supp.2d 107 (NDNY 2001) ("since Niagara's claim against PSC challenges the constitutionality of [PHL] §66-c, it is governed by a six-year statute of limitations.").

In a case in which plaintiffs challenged the constitutionality of the county legislature's ratification of tax assessment rolls as a declaratory judgment action, the New York Court of Appeals held that the case "should more properly have been resolved in a proceeding instituted under CPLR article 78 to review each determination of the county legislature when it affirmed and approved the assessment roll…" *Press, et al. v Monroe County*, 50 NY2d 695, 701 (1980). "In order to determine therefore whether there is in fact a limitation prescribed by law for a particular declaratory judgment action it is necessary to examine the substance of that action to identify the relationship out of which the claim arises and the relief sought." *Id.*

The date of the U.S. Supreme Court's decision in *Tyler* on May 25, 2023 is the latest possible date on which Plaintiffs and their multiple counsels knew or should have known of the right to demand payment of the excess values. *Matter of Zuppa v Zoning Bd. Of Appeals or Town of Southold*, 64 AD3d 723, 725 (2d Dept 2009) (holding that, "… a prompt demand should be measured by CPLR 217[1]'s four-month limitations period, and thus a demand should be made no more than four months after the right to make the demand arises."); *Matter of Butkowski v Kiefer*, 140 AD3d 1755, 1756 (4th Dept 2016) (holding that, "[i]n certain instances, the commencement of a proceeding pursuant to CPLR article 78 constitutes a demand"). To this day, no demand has been made for the excess values referenced in Plaintiffs' Complaint, other than the filing of this lawsuit more than four months after the decision in *Tyler*.

Like in *Press v Monroe County*, the underlying action which Plaintiffs seek to challenge, occurred when Rensselaer County allegedly retained the excess value of the sale of the Merckx and Laraway Properties in 2017 and 2018. Therefore, the four-month statute of limitations has long since expired.

The *Tyler* case does not dictate a different result.  The U.S. Supreme Court decided *Tyler* on review from a motion to dismiss based upon the failure to state a cause of action. The Court concluded that the plaintiff stated a cognizable claim under the Takings Clauses of the U.S. Constitution (it did not address the Excessive Fines claim).  *Tyler* did not address statutes of limitations in any way.  Therefore, *Tyler* is not instructive on this legal point regarding the various statutes of limitations in the State of New York.  Even if RPTL §1136(2)(d) is deemed unconstitutional, Plaintiffs lack an avenue for relief against the local municipalities like Rensselaer County due to the expiration of the statute of limitations.  In other words, any finding of unconstitutionality would have to be applied prospectively, not retroactively.

Rensselaer County does not concede that Plaintiffs' claims accrued at any time other than the date of the Order and Judgment, upon the transfer of the deeds to Rensselaer County, or the date of sale to a third party (the date by which Plaintiffs knew or should have known that they had not received excess value). *See Rafaeli, LLC v Oakland County*, 505 Mich 429 (2020) ("[A] former property owner has a compensable takings claim if and only if the tax-foreclosure sale produces a surplus. Once the sale produces a surplus, the former owner may make a claim for the surplus proceeds").  If the Court were to consider the May 25, 2023 date of the *Tyler* decision to be the date upon which Plaintiffs' claims accrued, the four-month statute of limitations expired on September 25, 2023—more than one month prior to the filing of the Summonses in this action. *Hoffman v NYS Ind. Redistricting Comm'n*, 217 AD3d 53, 58 (3d Dept 2023), *aff'd Hoffman v NYS Ind. Redistricting Comm'n*, 2023 WL 8590407 (Dec 12, 2023). Plaintiffs themselves allege in paragraph 54 of their Complaint that "[u]ntil the U.S. Supreme Court's decision in *Tyler*, Plaintiffs and Plaintiff Class were not on notice, could not have been on notice, and should not, in justice and equity, be deemed to have been on notice of the existence of the claims asserted herein."  Therefore, even under this analysis, the four-month statute of limitations to commence an Article 78 proceeding has lapsed.

## POINT IV(B)

## MOTIONS TO REOPEN A DEFAULT JUDGMENT TAKEN UNDER RPTL ARTICLE 11 ARE SUBJECT TO A ONE-MONTH STATUTE OF LIMITATIONS UNDER §1131

New York RPTL §1131 pertains to a default judgment obtained in an *in rem* proceeding, and provides as follows: "In the event of a failure to redeem or answer by any person having the right to redeem or answer, such person shall forever be barred and foreclosed of all right, title and interest and equity of redemption in and to the parcel in which the person has an interest and a judgment in foreclosure may be taken by default as provided by subdivision three of section eleven hundred thirty-six of this title. A <u>motion to reopen any such default may not be brought later than one month after entry of the judgment</u>."

In the present matter, neither Rensselaer County Plaintiff moved to reopen the default judgment entered on June 22, 2017. Therefore, the statute of limitations is expired.

## POINT IV(C)

## MOTIONS TO CHALLENGE A DEED GIVEN UNDER RPTL ARTICLE 11 ARE SUBJECT TO A TWO-YEAR STATUTE OF LIMITATIONS

The statute of limitations to commence an action to challenge a deed given pursuant to the *in rem* foreclosure process, is two years from the filing of the deed in the County Clerk's Office.  New York RPTL §1137; *Turner v People of the State of New York*, 168 US 90, 94-95 (1897). The deed giving title to Rensselaer County for both the Merckx and Laraway Properties was filed on July 3, 2017.  Neither of the Rensselaer County Plaintiffs brought an action to challenge the deed within two years of transfer of title to Rensselaer County.  Therefore, the statute of limitations is expired.

## POINT IV (D)

## THE STATUTE OF LIMITATIONS TO BRING AN INVERSE CONDEMNATION CLAIM IS THREE YEARS

The statute of limitations to commence an action to recover damages for an injury to property, including inverse condemnation, is three years.  New York Civ. Prac. Law & Rules §214 (4); *see also Matter of City of N.Y. re: Coney Isl. Plan Stage 1*, 78 Misc3d 1203(A) *3 (Sup. Ct. Kings Cty. Feb. 28, 2023) ("[A] claim of inverse condemnation would be time barred. A claim for injury to property is governed by a 3-year statute of limitations [CPLR 214{4}]. The statute period runs from the time of the injury, not the time of discovery"); *Sarnelli v City of N.Y.*, 256 AD2d 399, 400-401 (2d Dept 1998).

The Order and Judgment pertaining to both the Merckx and Laraway Properties was entered on June 22, 2017.  Both deeds were filed in the Rensselaer County Clerk's Office on July 3, 2017. The Laraway Property was subsequently sold to a third party in 2017 and the Merckx Property was sold to a third party in 2018.  Even with a 228-day toll due to the COVID-19 Executive Orders, the three-year statute of limitations on constitutional claims has long since expired. *NY Exec. Order* 202.8, 202.67; *Roach v Cornell Univ.*, 207 AD3d 931, 933 (3d Dept 2022); *Wik v Village of Holley*, 2023 WL 6958794 *4 (WDNY Oct 20, 2023) (indicating that the COVID-19 tolling period is 228 days from March 20, 2020 to November 3, 2020).[5]  In *Wik*, the court made it clear that the claim accrues on the date "when a plaintiff knows or has reason to know of the injury that is the basis of the claim." *Id.* The rule is not that the claim accrues when a new legal principle is announced by the U.S. Supreme Court that provides an avenue for relief for plaintiffs with past injuries.  In fact, *Tyler* did not address retroactivity.  New Jersey has already propounded a rule regarding only applying the *Tyler* ruling with "pipeline retroactivity," meaning that the new rule would apply only to matters in pending tax sale foreclosure proceedings. *257-261 20th Ave Realty, LLC v Roberto*, 2023 WL 8359623 *9 (Superior Ct NJ Dec. 4, 2023).

Therefore, there is no legal basis upon which Plaintiffs can maintain the position that any of their claims, which are subject to a three-year statute of limitations, has not expired.

## POINT IV(E)

## THE STATUTE OF LIMITATIONS ON CONSTITUTIONAL CLAIMS IS THREE YEARS

With respect to the Constitutional claims asserted herein relating to Takings and Excessive Fines, the statute of limitations is three years under 42 U.S.C. §1983. "Section 1983 claims in New York are subject to a three-year statute of limitations. Federal law determines when a Section 1983 claim accrues. Accrual occurs 'when the plaintiff knows or has reason to know of the injury which is the basis of his

---

[5] The Deed into Rensselaer County was filed on July 3, 2017-the date on which the public, including the plaintiffs are charged with being on notice of the transfer of title.  The Laraway Property was deeded to a third party on October 18, 2017 and recorded on November 3, 2017.  The Merckx Property was deeded to a third party August 15, 2018 and recorded on September 24, 2018.  For Laraway, three years plus 228 days from November 3, 2017 ended on June 19, 2021.  For Merckx, three years plus 228 days from September 24, 2018 ended on May 10, 2022.

action[.]'. A Section 1983 takings claim accrues once the claim is ripe, i.e., when the state regulatory entity has rendered a final decision." *Yu v Incorporated Village of Oyster Bay Cove*, 579 F.Supp.3d 391, 396 (EDNY 2022), *citing Pearl v City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002) (citations and quotation marks omitted); *Ruane v Cty. of Suffolk*, 923 F. Supp. 2d 454, 458 (EDNY 2013); *Stensrud v Rochester Genesee Reg'l Transp. Auth.*, 507 F. Supp. 3d 444, 451–52 (WDNY 2020) (citation omitted).

Plaintiffs herein knew of their loss of title to their properties in 2017. There is no reasonable interpretation of the applicable rule that would extend the accrual of the §1983 claims beyond the sale of the properties to third parties and the public filing of those deeds.  Thus, these claims against Rensselaer County have expired.

## POINT IV(F)

## THE STATUTE OF LIMITATIONS ON UNJUST ENRICHMENT AND MONEY HAD AND RECEIVED CLAIMS IS SIX YEARS AND IS EXPIRED

Rensselaer County maintains the argument that an Article 78 proceeding would have been the proper procedure in which to bring the instant challenges. However, the statute of limitations for the equitable unjust enrichment and money had and received claims is six years under NY CPLR §213(1) as they are actions "for which no limitation is specifically prescribed by law." Further, the limitations period begins to run when the defendant commits the allegedly wrongful act that enriches it. *Ferring V.B. v Allergan, Inc.*, 932 F.Supp.2d 493, 512-513 (SDNY 2013); *Matter of Inflight Newspapers, Inc. et al v Josh Joffee*, *et al*, 423 BR 6, *20 (EDNY Bk Ct. 2010) (holding that in a money had and received claim, "the statutory period begins to run when each diversion of funds took place").

In the present matter, the Merckx and Laraway deeds were transferred to the County on June 29, 2017, more than six years from the date this action was commenced on October 31, 2023.  The Laraway property was sold to a third party on October 18, 2017—more than six years from the commencement of this action.

15

The Rensselaer County Plaintiffs did not file motions to reopen the default judgment or motions for leave to file late motions to open the default judgment.  Nor were any actions to set aside the deeds filed. After scouring the County's records, no efforts whatsoever were made by the Rensselaer County Plaintiffs or their multiple counsel to amicably resolve the matters put into suit herein. These failures on the part of the Plaintiffs amount to bad faith and laches, in addition to failing to commence the proceedings within the applicable statutes of limitations in New York. All claims against Rensselaer County are untimely and must be dismissed.

### POINT V

### PLAINTIFFS' CLAIMS AGAINST RENSSELAER COUNTY MUST BE DISMISSED FOR FAILURE TO JOIN NECESSARY PARTIES

Federal Rule of Civil Procedure §12(b)(7) provides that an action may be dismissed for failure to join necessary parties as defined under FRCP 19. The Second Circuit has announced a two-pronged test for determining "whether the court must dismiss an action for failure to join an indispensable party." *Viacom Intern., Inc. v Kearney*, 212 F.3d 721, 724 (2d Cir 2000). First, "the court must determine whether an absent party belongs in the suit, i.e., whether the party qualifies as a 'necessary' party under Rule 19(a)." *Id.* Pursuant to Rule 19(a) the absent party should be joined where:

> (1) [I]n the person's absence complete relief cannot be accorded among those already parties, or (2) The person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. FRCP 19(a); *Murtaugh v New York*, 810 F. Supp. 2d 446 (NDNY 2011).

Where this threshold decision of necessity is answered in the affirmative and joinder of the absent party is otherwise feasible, then the Court must proceed to the second inquiry and determine whether the party is indispensable. *Kearney*, 212 F3d at 725. FRCP 19(b) sets out four factors to be considered by the court in determining whether a party is indispensable: (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice

could be lessened or avoided by . . . protective provisions in the judgment . . . shaping the relief[,] or . . . other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder. *Id.*; FRCP 19(b). If the Court determines that a party is indispensable, "then the court must dismiss the action pursuant to Rule 19(b)." *Id.* As will be shown *infra*, necessary parties have not been joined in the instant action, and the case must be dismissed.

**POINT V(A)**

**LIENHOLDERS MUST BE JOINED AS NECESSARY PARTIES**

The rule in New York is that "(s)urplus money from a foreclosure sale is not a general asset of the owner of the equity of redemption, but stands in the place of the property." *NYCTL 1997-1 Trust v Stell*, 184 AD3d 9, 14 (2d Dept 2020).

If the statute in question, RPTL §1136(2)(d), is declared to be unconstitutional, the question arises as to whether title ever vested in Rensselaer County as a result of the Foreclosure Proceeding, and whether title then transferred to the subsequent (*bona fide*) purchaser.  Furthermore, if title transfers must be canceled *nunc pro tunc*, the excess values would never have vested in the County, but would remain the property of the owners, and thus be subject to the claims of lienholders.

With respect to the lienholders whose liens were extinguished by the Foreclosure Proceeding, they are necessary parties. This case is different from *Tyler* because in that case, the Supreme Court noted that the county never entered records of the various encumbrances on Tyler's property, which, the county argued, exceeded the tax lien and excess value.  *Tyler*, 598 U.S. at 636-637 ("According to the County, public records suggest that the condo may be subject to a $9,000 mortgage and a $12,000 lien for unpaid homeowners' association fees…and that she therefore ultimately suffered no financial harm from the sale of her home. Without such harm she would have no standing. But the County never entered these records below, nor has it submitted them to this Court.").

Rensselaer County has submitted proof of liens, claims and interests held by various lienholders and creditors of Ronald and Helen Merckx and Timothy Laraway, against their real properties. The lienholders are necessary parties, who should have the right to reassert their liens that were extinguished when the procedures of the allegedly-unconstitutional *in rem* statute of New York State were followed by Rensselaer County.  Their liens would encumber the real property, making the title unsalable without satisfaction of their liens. The lienholders should not be forced to be put at risk of a gap in coverage of their validly-filed liens, or be at the mercy of Plaintiffs who, if paid the excess values, may not satisfy their debts in the absence of a lien.

The case, *NYCTL 1998-1 Trust v Gabbay*, 16 Misc3d 732 (Sup. Ct. Bronx Cty. 2007), dealt with a bank foreclosure on a property that was subject to a tax lien. *Id.* at 733.  The Court reviewed the "bedrock principles of law applicable to surplus money proceedings" stating that,

> the basic premise that the surplus realized at a foreclosure sale is not a general asset of the mortgagor whose property was divested by the foreclosure (the owner of the equity of redemption). Instead, the surplus stands in the place of the land for purposes of distribution among persons who have vested interests or liens on the property. Thus, surplus monies take place of the equity of redemption and for purpose of distribution are regarded as land…Accordingly, only a party who has a vested interest or estate in the land which is the subject of the foreclosure and which is extinguished as to the property by the foreclosure is entitled to share in the surplus…**the owner whose title on the property was extinguished by the foreclosure may assert a claim to surplus monies.  However, (that) claim is junior to those other valid interests terminated by the foreclosure.**  *Id.* at 735, *citing Witter v Taggart*, 78 NY2d 234 (1991); *Victoria Woods Homeowners Assn. v Gonyo*, 192 AD2d 1107 (4th Dept 1993); *Chase Manhattan Mortg. Corp. v Hall*, 18 AD3d 413 (2d Dept 2005).

In *Stell*, the Court concluded that the Department of Housing Preservation and Development (HPD) that held a first mortgage on the property foreclosed by an *in rem* proceeding, and not the former property owner, was entitled to the excess value. *Id.*, 184 AD3d at 9-10. The Court rejected the former owner's argument that HPD's claim was time-barred. *Id.* At the time of the *in rem* foreclosure, the mortgage was in default. *Id.* The Court held, "surplus money…stands in the place of the land for all purposes of distribution among persons having vested interests of liens upon the land…The liens existing on the land at

the time of the foreclosure are considered to have been transferred to the surplus funds." *Id., citing Shankman v Horoshko*, 291 AD2d 441, 442 (2d Dept 2002); *Nutt v Cumin*, 155 NY 309, 312 (1898).

With regard to Plaintiff Merckx, Bank of America took a judgment against Ronald P. Merckx on December 17, 2015 in the amount of $3,158.38. With interest at the annual legal rate of 9% accruing since December 17, 2015, the amount due to Bank of America is approximately $5,475.00 as of January 17, 2024.

Additionally, Helen Merckx retained an equitable interest in the property until the date of her death in 2013 as a result of her life estate. During her life, ███████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████

With regard to Plaintiff Laraway, Deutsche Bank had a valid first lien on the property in the form of a mortgage and $45,000 note, subject only to Rensselaer County's subsequent tax lien. But for the Foreclosure Proceeding, and the bank's lien being extinguished by the Order and Judgment, the bank's lien would have priority over any claim to the excess value. There is also evidence of a possible lien by Metro Portfolios, Inc., which filed a Summons and Complaint against Laraway in September 2008. The Court should not grant relief that will have a drastic impact on a party who has not been afforded an opportunity to be heard. The inexplicable exclusion of these necessary parties in this matter renders the Complaint ripe for dismissal under FRCP 12(b)(7).

Governor Hochul proposed in her 2023-2024 Executing Budget dated January 31, 2023, which was to be effective on October 31, 2023, a new section to the RPTL (§989) to provide for the distribution of surplus funds in tax foreclosure proceedings, including lienholders. The proposal provided:

> (b) [i]f the proceeds of the sale exceed the total taxes due on the property plus interest, penalties and other charges duly imposed upon the property, including the administrative costs associated with the foreclosure process, the entire proceeds shall be distributed as follows: (i) If the property is not subject to other liens, the excess proceeds shall be paid to the prior owner or owners of the property. (ii) if the property is subject to other liens, the lienholders shall be paid from the excess proceeds in the same order and to the same extent as they would be in an action to foreclose a mortgage pursuant to article thirteen of the real

property actions and proceedings law.  Any proceeds remaining after the other lienholders have been so paid shall be paid to the prior owner or owners of the property."[6]

The status quo of the lienholders must be considered. If the goal is to return former property owners to pre-*in rem* position by returning the excess value, then courts must also return lienholders to pre-*in rem* position by reinstating their liens, and attaching them to any excess value. This does not truly reinstate the lienholders to their prior positions because now the collateral is no longer owned by the former property owner. However, to do nothing to protect lienholders would be even a less desirous miscarriage of justice.

### POINT V(B)

### ████████████████████████████  IS A NECESSARY PARTY

Not only should the taxes have been paid ██████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

███████████████████████████████ must be included in the within lawsuit as a necessary party because in his absence, "the court cannot accord complete relief among existing parties" because any damages found attributable to the answering Defendant herein were caused by █████████████

██████████████████████████████████████████████ FRCP 19 [a][1][A].

### POINT V(C)

### CURRENT OWNERS AND THEIR TITLE COMPANIES ARE NECESSARY PARTIES

RPTL 1136(2)(d) is the section of the *in rem* statute which empowers the county to take title to the property. The *Tyler* decision made clear that municipalities may "seize and sell property, including land, to

---

[6] Governor Hochul vetoed Senate Bill 7549, which proposed a 1-year foreclosure hold as that bill "put most foreclosure proceedings in New York State on hold for almost one year…these proposals do not address the constitutional issues in *Tyler*." The Governor went on to express that she offered her proposal in a manner designed to prevent the disruption to the foreclosure process, but that no agreement with the Legislature had yet been reached. *Veto #149*, December 22, 2023, Hochul. Attached hereto as Addendum 1 are Senate Bill 7549 and Veto # 149.

recover the amount owed." *Tyler*, 598 US at 638. If RPTL §1136(2)(d) is declared unconstitutional, Rensselaer County would lack the authority to take title to the foreclosed properties and there would be no excess value. If retroactive effect is given, Rensselaer County will have had no right to take title to foreclosed properties or to sell the properties to third parties.

Rensselaer County acted under the color of law in believing that the U.S. Supreme Court's decision in *Nelson v City of NY*, which upheld the transfer of title to property after a tax sale, was controlling law. *Nelson v City of NY*, 352 US 103 (1956); *see Estate of Egon Hans Kogler v District Attorney of the County of Chemung*, Index No.: 2023-5174 (a similar *in rem*/excess value case, in which the plaintiff named the current owner as a necessary party). This scenario demands that those third-party purchasers and their title insurance companies be given the opportunity to assert their legal rights and positions in this action before possibly being stripped of title.

## POINT VI

## THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

The Rensselaer County Plaintiffs did not have viable property interests upon which they can make excess value retention claims because they lacked any equity in their former properties. The Northern District of New York considered similar arguments in *Wasiluk v City of Oneida, New York*, 2022 WL 3716279 (NDNY 2022) (the City of Oneida opted out of RPTL Article 11, instead adopting local laws for *in rem* procedures under the Oneida City Charter, Chapter C). In *Wasiluk*, the plaintiff argued that the City violated the Eighth Amendment's Excessive Fines Clause when proceeding *in rem*, because "the value of his property is far greater than the unpaid taxes." *Id.* at *1 (the Court also deemed the *pro se* pleadings to raise Fourteenth Amendment due process and Fifth Amendment Takings Clause claims). The Court recited an extensive history of the notices provided to the plaintiff by the City. *Id.* at 5. It was not until plaintiff was sent a notice to vacate prior to the City commencing a summary proceeding, that he acted. *Id.* The Court noted that the City Charter's "Redemption of Lands" provision allows a two-year window in which a prior owner or lienholder can redeem the property and reclaim title. *Id.* at 8-9 ("...because Plaintiff failed to

redeem within the time specified, the sale and conveyance of [the property] to the City became absolute and the City received an estate in fee in this property."), *citing Sheehan v Suffolk County*, for the proposition that "[i]t is not unjust for a legislative body to declare that once a taxpayer has abandoned rights in property after [a redemption] period has expired, the taxing authority may take a deed in fee. At that point, the former owner can no longer claim any just compensation upon its resale. Full forfeiture has already occurred upon the taxpayer's failure to redeem the property before it has been resold." *Sheehan*, 67 NY2d 52, 59 [1986]). After further analyzing the *Wasiluk* plaintiff's claims under the Takings and Excessive Fines clauses, the Court held that while the statute at issue did not give the former owner an "avenue to recover the surplus equity in his property;" the *in rem* procedures provided a sufficient period of redemption. Barring payment within the redemption period, the taxpayer "has abandoned rights in property after such a period has expired." *Id.* at 13.

In the present matter, neither Plaintiffs Merckx nor Laraway, ever made any demand to recoup their excess values. It was not until the filing of this lawsuit that Rensselaer County had any inkling whatsoever, that the Plaintiffs herein were making a claim to excess values.[7]

Rensselaer County has, at all times relevant, acted under long-established, New York case law, which established that it is lawful for counties to retain the excess value after *in rem* foreclosure proceedings. *Nelson v City of NY*, 352 US 103 (1956) ("noting in the Federal Constitution prevents [the City from foreclosing on real property and, in the absence of timely action to redeem or to recover any surplus, retaining the property or the entire proceeds of its sale] where the record shows adequate steps were taken to notify the owners of the charges due and the foreclosure proceedings"); *see also Miner v Clinton*

---

[7] Even if the Court ultimately determines that the excess value cannot be retained by New York municipalities after *in rem* foreclosure proceedings, according to Article VIII, §1 of the New York State Constitution, "it would be unconstitutional for a county board of supervisors to pay a former real property owner the profit consisting of the difference between the amount for which his property was bid in by the county at a tax sale and the increased amount subsequently realized by the county when it resold that property to another individual." 1978 N.Y. Op. Atty. Gen. (Inf.) 258 (N.Y.A.G.), 1978 WL 27636. Thus, Rensselaer County could not simply pay back the former owners without being in violation of the New York Constitution. Although this opinion was before *Tyler*, it is most relevant to the necessity to join all lienholders who may have a superior interest to the surplus in this action.

*Cty.*, 541 F3d 464 (NDNY 2008); *Zachary v Clinton Cty.*, 2003 WL 24197685 (NDNY 2003). The conveyance of the Merckx and Laraway Properties to the County by deed pursuant to Court Order is not what transformed the excess values into property of Rensselaer County; rather, the failure of the Rensselaer County Plaintiffs to submit a claim to Rensselaer County for the excess value did. As the Court in *Tyler* noted, the prior owner in *Nelson* "did not take advantage of [the municipality's] procedure, so they forfeited their right to the surplus." *Tyler*, 598 US at 644.  Likewise, the Rensselaer County Plaintiffs did not take advantage of the procedures to exercise their rights and, therefore, forfeited their rights to the excess values.

New Jersey state court has already considered the effects of *Tyler* on its *in rem* statute.  In *257-261 20th Avenue Realty, LLC v Roberto, et al*., 2023 WL 8359623 (NJ App. Div. December 4, 2023), the New Jersey Appellate Division considered retroactivity in a tax sale foreclosure appeal in the context of the recently-decided *Tyler* case. *Id.* at *1. The *Roberto* court noted that *Tyler* did not address retroactivity, and determined that, "where a United States constitutional issue is decided, the new rule is applied 'retroactively to cases that were in the pipeline when it was decided.'" *Id.* at *8, *citing State v Adkins*, 221 NJ 300, 312 (2015). Therefore, the "new principle of law" espoused in *Tyler* would be given retroactive effect only for cases that were already under review in a court. *Id.*

 As such, the Rensselaer County Plaintiffs cannot state a cause of action unless and until RPTL §1136(2)(b) is declared to be unconstitutional in all of its applications, including the application by Rensselaer County, AND retroactive effect is applied. The Court would also have to reject Rensselaer County's arguments that 1) all applicable statutes of limitations have expired; 2) a prior written notice of claim was required; 3) Plaintiff Merckx lacks capacity to sue; 4) the Court lacks jurisdiction; and 5) not all necessary parties have been joined. Plaintiffs are unable to overcome these barriers to suit.

## POINT VII

### FEDEREAL COURT LACKS JURISDICTION AND VENUE IS IMPROPER

Before jurisdiction in Federal Court is appropriate, the highest court in the state must render a decision on the issue.  There are NY Court of Appeals decisions finding RPTL Art 11 to be constitutional

based upon due process grounds.  However, New York's high Court has not considered the constitutionality under the "Takings" and "Excessive Fines" grounds.

In *Dorce v City of New York*, 2 F4th 82 (SDNY 2021), the Court held that Plaintiffs lacked standing to seek injunctive and declaratory relief in a case in which former property owners brought a federal court action under the Fifth and Fourteenth Amendments against a city department for loss of their property interests after *in rem* foreclosures. *Id.* at 87-88. "Plaintiffs cannot seek to void the state court foreclosure decisions transferring their property. This is the type of claim that *Rooker-Feldman* squarely forecloses, both because it addresses an injury caused by the state court judgment, and because it would require the district court to review that judgment." *Id.* at 104, *citing Exxon Mobil Corp. v Saudi Basic Industries Corp.*, 544 US 280, 293 (2005); *see Rooker v Fidelity Trust Co.*, 263 US 413 (1923); *Dist. Of Columbia Court of Appeals v Feldman*, 460 US 462 (1983). The *Dorce* decision concludes that a plaintiff's Takings claim is not barred by the *Rooker-Feldman* doctrine. However, the claim is limited to the value of the "surplus." *Id.* at 105.  In the present matter, as briefed above, the Takings and Excessive Fines claims are barred by a three-year statute of limitations under 42 U.S.C. §1983.

Furthermore, there is an exception to federal jurisdiction in probate matters. The probate exception restricts federal courts from hearing probate matters, even if subject matter jurisdiction would otherwise lie. It "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate [, and] also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Marshall v Marshall*, 547 US 293, 311-312 (2006).

*Lefkowitz v Bank of N.Y.*, 528 F3d 102 (2d Cir 2007) provides a two-part test for whether the probate exception applies: 1) does the plaintiff ask that "the federal court administer a probate matter?" and, 2) if not, would federal court nevertheless still be "exercis[ing] control over a res in the custody of a state court." The application of the two-part test dictates that this matter involving Merckx must be heard, if at all, in probate court.  Not only are there significant, unresolved procedural matters as set forth herein, but the Complaint clearly asks this Court to administer a ruling pertaining to an alleged asset of the Merckx Estate.

**POINT VIII**

**THE DEMAND TO CERTIFY A PLAINTIFF'S CLASS AND A DEFENDANT'S CLASS IS IMPROPER AND PLAINTIFFS LACK STANDING**

Rensselaer County reserves its right to argue at the appropriate time that Plaintiffs fail to meet the requirements to certify a class under FRCP 23, namely: (1) numerosity; (2) commonality; (3) typicality, and; (4) adequacy of representation.  FRCP 23(a); *See, e.g.*, *Initial Pub. Offering Sec. Litig.*,471F. 3d 24, 32 (2d Cir 2006) (hereinafter "IPO"); *See also McNeill v. New York City Housing Auth.*, 719 F. Supp. 233, 252 (SDNY 1989).

Plaintiffs seek to certify a class containing "all local government tax authorities in New York…" However, to do so would require a plaintiff in every municipality. The case of *Thomas A. Fox, et al v. County of Saginaw, by its Board of Commissioners, et al*, 2023 WL 6978518 (6th Cir 2023) involved a challenge to *in rem* proceedings in 27 Michigan counties. The Sixth Circuit held that the plaintiff lacked standing to sue 26 of the 27 counties named in the class action complaint, because the named plaintiff's injuries were not "fairly traceable" to all defendants. This requirement has not been met because the Complaint herein fails to identify a plaintiff in every county in which it seeks to certify a Defendant's class. Therefore, Plaintiffs lack standing to proceed, and the Complaint must be dismissed.

**CONCLUSION**

For all the foregoing reasons, all claims against Rensselaer County asserted in Plaintiffs' Complaint should be dismissed in their entirety.

Dated: January 17, 2024
      East Greenbush, NY

                                   _____
                                   Carl J. Kempf, III, Esq.
                                   (Bar Roll No: 700352)
                                   *Attorney for Defendant RENSSELAER COUNTY*
                                   99 Troy Road
                                   East Greenbush, New York 12061
                                   Tel.: (518) 270-2950
                                   Email: ckempf@rensco.com

*On the Brief:*  Paul M. Macari, Esq. (Bar Roll: 105026) & Linda B. Johnson, Esq. (Bar Roll: 511290)