

# CITY OF UTICA
### OFFICE OF THE CORPORATION COUNSEL
1 KENNEDY PLAZA, UTICA, NEW YORK 13502
PH.315-792-0171 | FAX. 315-792-0175

| | |
|---|---|
| MICHAEL P. GALIME<br>MAYOR | ASSISTANT CORPORATION COUNSEL<br>CHARLES N. BROWN, ESQ.<br>MARK O. CHIECO, ESQ. |
| WILLIAM M. BORRILL, ESQ.<br>CORPORATION COUNSEL | STEPHANIE R. DIGIORGIO, ESQ.<br>SARAH C. HUGHES, ESQ.<br>DAVID A. LONGERETTA, ESQ. |
| ZACHARY C. OREN, ESQ.<br>FIRST ASSISTANT CORPORATION COUNSEL | JOSEPH V. MCBRIDE, ESQ.<br>JOHN P. ORILIO, ESQ. |

October 30, 2024

Honorable Mitchell J. Katz (*via CM/ECF filed in Merckx v. Rensselaer County, et al. US-NDNY 1:23-cv-1354 (FJS/MJK)*)
United States Magistrate Judge
P.O. Box 7367
Syracuse, New York 13261

           Re:    Schram, et al. v. City of Utica, et al.
                  US-NDNY Civil Action No. 6:24-cv-868 (FJS/MJK)
                  Our File: 24-53

Dear Judge Katz,

      Please receive this as a letter request to ask for various rulings concerning the Court's Text Consolidation Order filed as ECF Docket Entry 17 Schram, et al. v. City of Utica, et al. US-NDNY Civil Action No. 6:24-cv-868 (FJS/MJK) [hereafter referred to as the "Consolidation Order"].  First, it is important background information that all of the Plaintiff's in Schram lost their property to the City of Utica in valid and final New York State Supreme Court Tax Foreclosure Judgments [hereafter referred to as the "State Court Tax Foreclosure Action"].  A true copy of said Judgments are attached hereto as **Exhibits 1 and 2**.  Indeed, the importance of which will become evident below, said Judgments could have been appealed through the New York State Court system, and to the United States Supreme Court by writ of certiorari via the Fifth/Fourteenth Amendments for an alleged illegal taking.  However, at least in the City's State Court Tax Foreclosure Action, no such appeals nor writs were filed.

      Following the Court's guidance in the Consolidation Order this attorney reviewed the following: Merckx, et al v. Rensselaer County, et al (Dkt. Nos. [93], [94], [95], [121]), Rick v. Warren County, 1:24-CV-314 (Dkt. Nos. [13], [14], [20]), and Wolszyn v. Tioga County, 3:23-CV-1585 (Dkt. Nos. [20], [27], [31] [hereafter referred to as the "common questions of law motions"] and did not find that the following issues were briefed:

        (1) Based on Exhibits 1 and 2 does the Rooker-Feldman[1] doctrine bankrupt this District Court's
            jurisdiction to hear the instant 42 USC § 1983 action because Plaintiffs never filed a writ to the

---

[1] Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

    United State Supreme Court in the State Court Tax Foreclosure Action about which they now complain in the present § 1983 action?

(2) Based on Exhibits 1 and 2 does the language "**ORDERED** that upon Deed(s) herein before directed the City of Utica shall be seized of an estate in fee simple absolute free and clear of all liens and encumbrances of those parcels of land therein described pursuant to Article 11 of the Real Property Tax Law and seized of all items of personal property thereon, deemed abandoned to the City of Utica, and all persons including the People of the State of New York and the United States of America, infants, incompetents, absentees and non-residents who may have had any right, title, interest, claim, lien or equity of redemption in or upon such properties shall be barred and forever forecloses of such right, title, interest, claim, lien or equity of redemption," collaterally estop Plaintiff's from re-litigating the issue of any surplus funds?

(3) Does res judicata bar Plaintiffs from challenging the judgments in Exhibits 1 and 2?

(4) Does Exhibit 2's finding that Plaintiff Schram consented to the tax foreclosure collaterally estop him from re-litigating this issue in the instant § 1983 action?

    If the Court believes these issues *are not* considered "common questions of law" as referenced in its Consolidation Order and the City is entitled to make a dispositive motion after the common questions of law are adjudicated, then the City would request a ruling to this effect be placed on the record so it is clear the City has preserved its right to do so.

    If the Court be believes these issues *are* considered "common questions of law" as referenced in its Consolidation Order and the City is entitled fifteen pages of supplemental briefing due by November 5, 2024, then the City would request the opportunity to be able to enlarge the record to include said Exhibit's 1 and 2 along with an accompanying affidavit, an additional ten pages to address all four complex issues, and a thirty (30) day extension of the deadline.[2]

    I thank the Court for its attention and consideration in this regard.

Respectively,

*/s/ Zachary C. Oren*

Zachary C. Oren, Esq.
First Assistant Corporation Counsel

CC:  To all counsel of record in of record Merckx v. Rensselaer County, et al., US-NDNY 1:23-cv-1354 (FJS/MJK)

---

[2] The request for the extension of the briefing deadline is made because this attorney will be away on vacation deer hunting from Nov. 2, 2024 to Nov. 11, 2024.